| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| LUIS GONZALES, | § |
| | § |
| Petitioner, | § |
| | § |
| *versus* | § CIVIL ACTION NO. 1:17-CV-530 |
| | § |
| WARDEN, USP BEAUMONT, | § |
| | § |
| Respondent. | § |

**MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner, Luis Gonzales, an inmate confined at USP Beaumont Low, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends the petition for writ of habeas corpus be denied.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record, and pleadings. Petitioner filed objections to the Magistrate Judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After a careful review, this court finds the objections lacking in merit. Petitioner's grounds for review are not based on a retroactively applicable Supreme Court decision and do not demonstrate petitioner was convicted of a nonexistent offense. Petitioner's challenge to his sentence is not the type of claim that warrants relief under § 2241 because it challenges the

punishment imposed rather than the conviction itself. *Kinder v. Purdy*, 222 F.3d 209, 213-14 (5th Cir. 2000).

In addition, as outlined by the Magistrate Judge, petitioner's reliance on *Descamps, Mathis, Hinkle* and *Persaud* is misplaced.[1] *Persaud* is not a substantive decision and did not overrule precedent regarding the availability of § 2241. *See, e.g. Sharbutt v. Vasquez*, 600 F. App'x 251 (2015) (vacated on other grounds); *Junius v. Boyle*, 729 F. App'x 326 (June 26, 2018) (not designated for publication); *Higgs v. Wilson*, 772 F. App'x 167 (June 20, 2019), *cert. denied*, 140 S.Ct. 934 (2020) (not designated for publication). Because *Mathis* implicates the validity of a sentence enhancement, *Mathis* does not establish petitioner was convicted of a nonexistent offense. *Sharbutt v. Vasquez*, 749 F. App'x 307 (5th Cir. Jan. 30, 2019) (not designated for publication) ("Because *Mathis* implicates the validity of a sentence enhancement, *Mathis* does not establish Sharbutt was convicted of a nonexistent offense"). Furthermore, the Supreme Court has not expressly held that *Descamps* and *Mathis* apply retroactively to cases on collateral review. *Id*. (discussing *Mathis*); *see also In re Jackson*, 776 F.3d 292 (5th Cir. 2015); *In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016). *Hinkle* was decided by the Fifth Circuit Court of Appeals and is thus not a substantive decision by the Supreme Court. As a result, petitioner has not met the requirements of *Reyes-Requena* as his grounds for review fail to establish § 2255 is insufficient to challenge his decision. 243 F.3d 893, 904 (5th Cir. 2001).

---

[1] *Descamps v. United States*, 570 U.S. 570 U.S. 254 (2013); *Mathis v. United States*, 136 S.Ct. 2243 (2016); *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016); and *Persaud v. United States*, 134 S.Ct. 1023 (2014).

**ORDER**

Accordingly, the objections of the plaintiff are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge is **ADOPTED.** A Final Judgment will be entered in accordance with the recommendations of the Magistrate Judge.

SIGNED at Beaumont, Texas, this 3rd day of April, 2020.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE